

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2009

# Jin Feng Li v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1578

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jin Feng Li v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1298.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1298

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1578
_____

JIN FENG LI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A78 863 164)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2009

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed: May 28, 2009)
_____

OPINION
_____

PER CURIAM

    Jin Feng Li, a native and citizen of China, entered the United States in October

1992.  She was charged as being removable pursuant to Section 212(a)(7)(A)(i)(I) of the

Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid entry document. She conceded removability but requested asylum, withholding of removal, and relief under the United Nations Convention Against Torture, alleging persecution on account of her political opinion.

Li testified that she was born in Fujian Province. At age eighteen, Li met a gangster who expressed a romantic interested in her. When she rebuffed the gangster's advances, he orchestrated an assault on her boyfriend and threatened to report her parents to the authorities for violating population control policies. Li attempted to file a complaint against the gangster with the police. The police, however, would not accept the complaint, "mocked" her, and threatened to arrest her for falsely accusing the gangster of wrongdoing. Fearing for her safety, Li traveled to the United States. Once here, she gave birth to a son. She claims that if removed to China she will be fined and possibly sterilized for having a child out of wedlock and before reaching the requisite legal age in China.[1]

The Immigration Judge ("IJ") denied relief because Li failed to demonstrate that the gangster "purposely sought to harm or would have harmed [her] on account of her

---

[1] Li also suggested that her parents were persecuted for violating China's population control laws. The experiences of her parents, however, cannot establish her eligibility for asylum. See Lin-Zheng v. Att'y Gen., 557 F.3d 147, 156 (3d Cir. 2009) ("Thus, there is no room for us to conclude that Congress intended to extend refugee status to anyone other than *the individual who* has either been forced to submit to an involuntary abortion or sterilization, has been persecuted for failure or refusal to undergo such a procedure, or has a well-founded fear of that occurring in the future.").

political opinion" or any of the other protected grounds. The IJ also concluded that there was no evidence of a nexus between a protected ground and alleged persecution by the police. With respect to persecution under China's family planning policies, the IJ found that Li's allegation of forced sterilization was not supported by the record. The Board of Immigration Appeals ("BIA") dismissed Li's appeal. The Board agreed with the IJ that Li "failed to establish that either the man who sought a relationship with her or the Chinese authorities' threat to file charges were in any way connected to her political opinion, imputed or otherwise." The BIA also concluded that Li failed to establish that she reasonably fears sterilization. It noted that the "most recent evidence . . . indicates that a deportee, who has had children while outside China, is penalized [if] at all . . . in the form of fines or other economic penalties," which would not "in general . . . prove a well-founded fear of future persecution." This petition for review followed.

We have jurisdiction under INA § 242 [8 U.S.C. § 1252]. Where, as here, the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we review the decisions of both the IJ and the BIA. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). Our review of these decisions is for substantial evidence, considering whether they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998). The decisions must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F. 3d 463, 471 (3d Cir. 2003)

3

(quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001)).

An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]. Persecution denotes "extreme conduct," including "threats to life, confinement, torture and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v INS, 12 F.3d 1233, 1240 & n.10 (3d Cir. 1993). "[A] key task for any asylum applicant is to show a sufficient 'nexus' between persecution and one of the listed protected grounds." Ndayshimiye v. Att'y Gen., 557 F.3d 124, 129 (3d Cir. 2009). An asylum applicant, however, need not demonstrate that the protected ground was the exclusive motivation behind the alleged persecution.[2] See Singh v. Gonzales, 406 F.3d 191, 197 (3d Cir. 2005). Nevertheless, an applicant must provide some evidence of motive, whether direct or circumstantial. See Lie v. Ashcroft, 396 F.3d 530, 535 (3d Cir. 2005) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).

In this case, substantial evidence supports the conclusion that Li failed to establish

---

[2] Because Li applied for asylum before May 11, 2005, she is not subject to a provision in the REAL ID Act of 2005 that requires an alien applying for asylum in a mixed motive case to show "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for the alleged persecution. See INA § 208(b)(1)(B)(i) [8 U.S.C. § 1158(b)(1)(B)(i)]; Ndayshimiye v. Att'y Gen., 557 F.3d 124, 128-29 (3d Cir. 2009).

4

a nexus between a protected ground and alleged persecution by the gangster and the police. Li's own statements confirm that the gangster was "retaliat[ing] in response to a personal dispute," not on account of a protected ground. Amanfi v. Ashcroft, 328 F.3d 719, 727 (3d Cir. 2003). For instance, Li stated in her asylum application that the gangster "pursued me but was rejected by me. Therefore, [the gangster] became very angry and began a campaign to harass my family, my boyfriend and me." Li also testified that the gangster "threatened me that I must separate with my boyfriend, otherwise he will take revenge, action against me." Furthermore, it appears that the police ridiculed Li and refused to take her complaint seriously because the gangster was their friend. According to Li, the police officers told her that the gangster was a "close friend, his close pal, [and] it's impossible" that the accusations were true. Given that Li presented no other evidence of motive, we are not compelled to conclude that she was persecuted, or reasonably fears persecution, on account of a protected ground.[3]

The Board also properly rejected Li's allegation that she will be sterilized if removed to China because she gave birth in the United States while underage and out of wedlock. In support of her claim, Li submitted the "Population and Family Planning Regulations of Fujian Province" ("the Regulations"), which were attached to a 2005 State

---

[3] Li now claims that she is a "member of a distinct social group in China, unmarried young women whose social and economic positions do not protect them from coercion by local authorities or those allied with them." The BIA correctly concluded, however, that the record does not support this allegation.

5

Department report entitled "China: Profile of Asylum Claims and Country Conditions" ("State Department Profile"). The Regulations do not mention sterilization, but they do prohibit women from having a child out of wedlock or before reaching a certain age and provide that the penalty for early childbirth is a fine equal to 60 to 100 percent of one year's disposable income. The State Department Profile, however, indicated that the birth planning policies are "unevenly enforced" and stated that American diplomats in China are unaware of "any cases in which returnees from the United States were forced to undergo sterilization procedures on their return." In addition, the 2007 version of the State Department Profile, of which the BIA took administrative notice, states that children born overseas are "not . . . counted" for birth planning purposes when the parents return to China.[4] Because Li did not submit any evidence contradicting this assessment, there is no compelling reason to reverse the BIA's determination that she did not demonstrate an

_____

[4] In contrast to our decision in Zheng v. Att'y Gen., there is no indication that the BIA failed to consider the documents Li submitted in support of her application for relief. 549 F.3d 260, 270-71 (3d Cir. 2008) (holding that BIA did not adequately consider the evidence that the petitioners had submitted with their motions to reopen). Indeed, the BIA stated that it considered the 2007 State Department Profile "in the context of the entire record, including other evidence submitted by the respondent." See Wang v. Bd. of Immig. Appeals, 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation omitted) (stating that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" where it "has given reasoned consideration to the petition, and made adequate findings"). The only other relevant evidence, the State Department's 2004 country report for China, had been previously examined in the cases that the BIA cited in its decision. See Zheng, 549 F.3d at 268-69 (remanding because the cases cited in the BIA's decision addressed only some of documents submitted by the alien).

objectively reasonable fear of persecution.

Because Li failed to satisfy the lower statutory burden of proof required for asylum, she also necessarily failed to satisfy the clear probability standard for withholding of removal.  See Immigration & Naturalization Serv. v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987).  Moreover, Li failed to establish that it is more likely than not that she will be tortured upon her return to China.  See 8 C.F.R. §§ 208.16, 208.18.

For the foregoing reasons, we will deny the petition for review.